RYAN H. WEINSTEIN (Bar No. 240405)
COVINGTON & BURLING LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
Telephone: + 1 (424) 332-4800
Facsimile: + 1 (424) 332-4749
Email:  rweinstein@cov.com

DYLAN SILVA (Bar No. 306363)
COVINGTON & BURLING LLP
415 Mission Street, Suite 5400
San Francisco, CA 94105-2533
Telephone: + 1 (415) 591-6000
Facsimile: + 1 (415) 591-6091
Email:  dsilva@cov.com

*Attorneys for Nonparty*
*New Wave MMXV Limited*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| IN RE PETITION OF OASIS FOCUS FUND LP FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN A FOREIGN PROCEEDING | No. _____ <br><br> **DECLARATION OF DYLAN M. SILVA IN SUPPORT OF NEW WAVE MMXV LIMITED'S MOTION TO QUASH OASIS FOCUS FUND'S SUBPOENA** <br><br> Hearing Date: Not Set <br> Hearing Time: Not Set |

I, Dylan M. Silva, declare:

1. I am a member of the State Bar of California and an attorney at Covington & Burling LLP, counsel of record for New Wave MMXV Limited ("New Wave") in the above-captioned action. I make this declaration in support of New Wave's motion to quash Oasis Focus Fund's ("Oasis") subpoena issued pursuant to 28 U.S.C. § 1782.

2. On April 14, 2022, Oasis filed a §1782 petition in the United States District Court for the Southern District of New York seeking an *ex parte* order permitting it to serve subpoenas for documents and deposition testimony on New Wave and Mr. Charles Chao, New Wave's sole director. The case is captioned *In re Petition of Oasis Focus Fund, L.P.*, Case No. 1:22-mc-00113-PAE. Attached hereto as **Exhibit 1** is a true and correct copy of Oasis's Memorandum of Law in Support of its *Ex Parte* Petition for an Order to Take Discovery Pursuant to 28 U.S.C. § 1782 (S.D.N.Y. Dkt. 5).

3. On May 4, 2022, United States District Court Judge Paul Engelmayer granted the unopposed *ex parte* petition without prejudice and authorized Oasis to serve subpoenas on New Wave and Mr. Chao. Attached hereto as **Exhibit 2** is a true and correct copy of the Order Authorizing Discovery Under § 1782 (S.D.N.Y. Dkt. 9).

4. Attached hereto as **Exhibit 3** is a true and correct copy of the Subpoena to Testify at a Deposition in a Civil Action directed to New Wave.

5. Attached hereto as **Exhibit 4** is a true and correct copy of the Subpoena to Testify at a Deposition in a Civil Action directed to Charles Guowei Chao.

### The Parties' Efforts to Meet and Confer Over Oasis's Subpoena

6. Since June 2022, New Wave has attempted in good faith to resolve this nonparty discovery dispute without the need for Court intervention. Throughout that process, however, counsel for Oasis has declined to explain: (1) why it is necessary to burden New Wave, a nonparty to the underlying dispute; (2) what, if any, documents subpoenaed from New Wave cannot be obtained in party discovery from Sina; (3) why Oasis is unwilling to await the receipt of *any* party discovery before insisting on duplicative discovery from New Wave; or (4) how New Wave can be compelled to produce documents without the preapproval of Chinese regulatory authorities, in violation of both Chinese law and the Cayman Islands court's discovery orders. Indeed, Oasis's counsel conceded that the documents

demanded from New Wave are both cumulative to, and duplicative of, requests made to Sina in the underlying Cayman Islands proceeding. Rather than contend otherwise, Oasis has maintained that it has the right to demand duplicative and cumulative discovery from a nonparty, notwithstanding the requirements of the Federal Rules of Civil Procedure. *See* Fed R. Civ. P. 26(b)(2)(C)(i) (requiring the court to "limit the frequency or extent of discovery that . . . is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive") & 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena."); *see also Lemberg Law LLC v. Hussin*, 2016 WL 3231300, at *5 (N.D. Cal. June 13, 2016) ("The Ninth Circuit has long held that nonparties subject to discovery requests deserve extra protection from the courts.") (citing *United States v. C.B.S., Inc.*, 666 F.2d 364, 371-72 (9th Cir. 1982)). In particular:

    a.    On June 28, 2022, I met and conferred with Oasis's counsel regarding the scope of discovery sought in the subpoena directed to New Wave. I asked counsel if Oasis had attempted to obtain relevant, responsive documents through party discovery before serving the subpoena. I also asked counsel if Oasis would be willing to narrow the discovery sought to documents that could only be produced by New Wave, as opposed to documents that could be produced by parties to the underlying proceeding (such as Sina Corporation). Counsel confirmed that Oasis filed its § 1782 petition and served the subpoena on New Wave before receiving any party discovery. Counsel was unable to identify any relevant discovery sought in the subpoena that could not be obtained from parties to the proceeding, but agreed to consider narrowing the scope of documents requested. In the meantime, counsel agreed to extend the compliance date in the subpoena and New Wave's deadline to move to quash.

    b.    On August 31, 2022, Oasis's counsel agreed to withdraw Request Nos. 12-14, 18, 27, 32-33, 36-41, and 47, and to limit the remaining 33 requests in the subpoena from "all documents" to "documents sufficient to show." Counsel informed me this was merely Oasis's opening offer and that he fully expected New Wave to respond with a more limited counter proposal. I then reviewed the list of remaining requests with representatives from Sina and with Sina's counsel in the underlying proceeding, all of whom informed me that "documents sufficient to show" the information sought in

these requests (i.e., Req. Nos. 1-11, 15-17, 19-26, 28-31, 34-35, and 42-46) had already been collected and would be produced to Oasis and the other dissenting shareholders by Sina. Sina's representatives also informed me that all responsive documents located in China could not be produced overseas without the prior approval of the competent authorities in China.

        c.      Attached hereto as **Exhibit 5** is a true and correct copy of my September 26, 2022 email conveying this information to Oasis's counsel. I also informed counsel that, to the extent Oasis believed New Wave uniquely possessed any responsive materials (*i.e.*, documents that Sina did not possess and thus could not be produced in party discovery), New Wave would consider an agreement whereby New Wave would search for and produce those documents in a manner compliant with Chinese data privacy laws. As an example, I explained that New Wave would be willing to produce any formation documents to the extent Sina was not already planning to produce them in the underlying proceeding. I then asked counsel if Oasis was willing to identify any documents that it believed New Wave may uniquely possess and could not otherwise be obtained in party discovery. I explained that New Wave was willing to revisit its position after Oasis had an opportunity to review the party discovery received from Sina.

        d.      Oasis refused to meaningfully engage, however. In a September 30, 2022 email, Oasis's counsel refused to identify documents that it believed may be uniquely possessed by New Wave. Instead, counsel stated that Oasis would agree to a final extension of the motion to quash deadline to October 5, 2022, and would agree to further extensions "only if" New Wave "identif[ied] categories of documents New Wave [was] willing to produce by a date certain, without taking the baseless position that New Wave [was] required to produce only 'unique' documents or relying on vague references to Chinese law." *See* **Exhibit 5** at 5.

        e.      On October 3, 2022, I called Oasis's counsel and again explained that while New Wave remained eager to resolve this nonparty discovery dispute without burdening the courts, I understood from discussions with Sina's counsel that responsive documents had already been collected and would be produced to Oasis and the other dissenting shareholders by Sina in the underlying proceeding. I offered to obtain a declaration from Sina's counsel explaining this as well, and I again stated that New Wave was willing to consider producing documents that New Wave may uniquely

3

DECLARATION OF DYLAN M. SILVA IN SUPPORT OF NEW WAVE MMXV LIMITED'S MOTION TO QUASH OASIS FOCUS FUND'S SUBPOENA

possess and could not otherwise be obtained in party discovery. I also explained that while any New Wave production must comply with Chinese data privacy laws to the extent those documents are stored in China, New Wave would not delay a production of documents that did not require pre-review by Chinese authorities. I asked counsel to extend the motion to quash deadline so New Wave and Oasis could resolve this dispute without burdening the court, but informed counsel that New Wave would otherwise be forced to move to quash the subpoena. *See* **Exhibit 5** at 4 (memorializing this telephone call).

    f. Later that day, on October 3, 2022, Oasis rejected my offer and again refused to identify any categories of documents that may be in New Wave's unique possession. *See* **Exhibit 5** at 3. In a final attempt to avoid motion practice, on October 5, 2022, I sent Oasis's counsel a list of seven categories of "documents sufficient to show" that New Wave would agree to produce solely for the purpose of avoiding unnecessary motion practice (and subject to complying with all pertinent Chinese data privacy laws). The list included documents related to New Wave's formation, the identities of its officers and directors, its relationship with various entities and individuals in China, the Sina merger, and communications with the Chinese government. *See* **Exhibit 5** at 1.

    g. Attached hereto as **Exhibit 6** is a true and correct copy of Oasis's October 21, 2022 letter rejecting my offer. In its letter, Oasis demanded that New Wave agree to produce 24 broad categories of documents within 90 days, and that New Wave do so without first seeking the approval of Chinese authorities. *See* **Exhibit 6** at 1 n.1. Oasis also continued to insist on a corporate deposition of New Wave, even if New Wave agreed to produce these documents. Oasis stated this was its "last and final offer to settle this matter without litigation" and extended the motion to quash deadline to October 28, 2022 while New Wave considered the proposal. *See id.* at 1.

    h. On October 27, 2022, I informed Oasis that New Wave could not agree to these demands. I again explained that the requested documents would soon be produced by Sina in the underlying proceeding, and that New Wave could not and would not agree to any document production that would violate Chinese law and potentially expose New Wave to severe sanctions in China. *See* **Exhibit 7**. Oasis *again* refused to limit its demands. *See id.* Accordingly, New Wave was forced to file the instant motion to quash the subpoena.

I declare under penalty of perjury that the foregoing is true and correct.  Executed on October 28, 2022, at Santa Barbara, California.

_____
DYLAN M. SILVA