# EXHIBIT 5

| | |
|---|---|
| **From:** | Silva, Dylan |
| **To:** | Minyao Wang; Weinstein, Ryan H. |
| **Cc:** | Yonah Jaffe |
| **Subject:** | RE: New Wave Subpoena |
| **Date:** | Wednesday, October 5, 2022 9:28:00 AM |

Minyao,

As referenced below, and to avoid needless motion practice, New Wave will agree to search for, and if responsive document exists, produce, subject to all PRC data review regulations, and consistent with the Cayman court's Directions Order regarding discovery:

1. Documents *sufficient to show* the formation of NEW WAVE, New Wave Mergersub Limited, and New Wave Holdings Limited (Request No. 1);
2. Documents *sufficient to show* the identities of the officers and directors of NEW WAVE, New Wave Mergersub Limited, and New Wave Holdings Limited (Request No. 2);
3. Documents *sufficient to show* NEW WAVE's relationships with CHAO, SINA, ZHANG, and/or SUN DREAM (Request No. 3)
4. Documents s*ufficient to show* any ALTERNATIVE TRANSACTION (other than the MERGER) authored, reviewed, considered, addressed, discussed, analyzed by NEW WAVE or any other person acting on NEW WAVE'S (Request No. 6)
5. Documents *sufficient to show* communications exchanged between NEW WAVE and any member(s) of the BUYER GROUP, the BOARD, the COMPANY, the SPECIAL COMMITTEE, a member of the SPECIAL COMMITTEE, MORGAN STANLEY, TUSIMPLE, WEIBO, SUN DREAM, the LENDERS and/or ZHANG concerning the MERGER or any ALTERNATIVE TRANSACTION (Request No. 7).
6. Documents *sufficient to show* communications exchanged between NEW WAVE and the government of the People's Republic of China concerning the COMPANY, any of the assets of the Company, WEIBO and/or the MERGER (Request No. 11).
7. Documents *sufficient to show* any connection between NEW WAVE and/or CHAO on the one hand and SUN DREAM on the other (Request No. 44).

As we are meeting and conferring over this proposal, can we please agree to extend the motion to quash deadline to 7 calendar days after our final meet and confer communication (whenever that occurs), assuming the parties reach an impasse at that time? As you know, these piecemeal extensions and continued requests for approval have led to unnecessary inefficiencies for both sides.

Thanks,
Dylan

**From:** Minyao Wang <mwang@reidcollins.com>
**Sent:** Tuesday, October 4, 2022 2:58 PM
**To:** Silva, Dylan <DSilva@cov.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: New Wave Subpoena

1

**[EXTERNAL]**
Dylan,

We will extend the deadline to quash to **Thursday (October 6)** to allow me to consult with my client regarding your proposal.

---

**From:** Silva, Dylan <DSilva@cov.com>
**Sent:** Tuesday, October 4, 2022 4:25 PM
**To:** Minyao Wang <mwang@reidcollins.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: New Wave Subpoena

Minyao,

As I explained on the phone, I sought client approval to produce roughly 8 categories of documents. But because I do not yet know which of those documents may be stored in China, I cannot provide a firm commitment regarding when those documents will be produced if we reach an agreement. That said, I can confirm that if we do come to an agreement on the categories of documents to be produced, I will ask the client to have them ready for production on a mutually agreeable date, and to the extent any of those documents require pre-approval by Chinese authorities, I will keep you fully updated on the status.

Thanks,
Dylan

---

**From:** Minyao Wang <mwang@reidcollins.com>
**Sent:** Tuesday, October 4, 2022 1:03 PM
**To:** Silva, Dylan <DSilva@cov.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: New Wave Subpoena

**[EXTERNAL]**
Dylan,

I reiterate that Oasis cannot know what documents New Wave has or what documents Sina plans to produce.

Can you confirm that you proposed that your client agree to produce eight categories of documents by a date certain? If so, I can agree to a brief extension until Thursday to enable me to consult with our client after the Yom Kippur holiday about whether they will agree to a further brief extension while we await that proposal.

---

**From:** Silva, Dylan <DSilva@cov.com>
**Sent:** Tuesday, October 4, 2022 1:04 PM
**To:** Minyao Wang <mwang@reidcollins.com>; Weinstein, Ryan H. <rweinstein@cov.com>

2

**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: New Wave Subpoena

Minyao,

To be clear, I did not say in our call yesterday that New Wave will not produce any documents until Sina first makes a production in the Cayman proceeding. Rather, I explained that New Wave is willing to search for documents that Oasis believes may be in New Wave's possession but that are not already being collected for production to Oasis by Sina. To date, you have not identified any such documents. Nor are we aware of any after conferring with Sina's counsel.

In any event, and solely to avoid needless motion practice, I have proposed to my client that New Wave agree to produce roughly 8 categories of documents. I am awaiting client approval to extend that offer to you, and will do so as soon as I receive authorization. However, because October 1 through October 7 is National Day Holiday in the PRC, it's highly unlikely I will be able to obtain a response from my client by tomorrow. Given the holiday, please let us know if you will agree to a one-week extension of the motion to quash deadline to October 11. Of course, if I receive a response sooner, I will let you know immediately.

Absent an extension, we will be moving tomorrow to quash the subpoena in its entirety.

Thanks,
Dylan

---

**From:** Minyao Wang <mwang@reidcollins.com>
**Sent:** Monday, October 3, 2022 8:44 PM
**To:** Silva, Dylan <DSilva@cov.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: New Wave Subpoena

**[EXTERNAL]**
Ryan,

I appreciated the call earlier today. New Wave's current position does not address any of the concerns raised in my email from last week. New Wave has still not agreed to produce any documents until Sina produces documents in the appraisal proceeding. As I explained in my Friday email, if New Wave is genuinely interested in exploring a consensual resolution, it should make a concrete and specific proposal about what documents it is prepared to produce by a date certain. Absent that, we will not agree to any further extensions and will seek to enforce our subpoena in full.

---

**From:** Silva, Dylan <DSilva@cov.com>
**Sent:** Monday, October 3, 2022 3:17 PM
**To:** Minyao Wang <mwang@reidcollins.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>

3

**Subject:** RE: New Wave Subpoena

Minyao,

Thank you for calling me back. As I explained, we remain eager to resolve this dispute without burdening the courts, but based on our discussions with Sina's Cayman Counsel, it is our understanding that responsive documents have already been collected and will be produced to Oasis and the other dissenting shareholders by Sina in the Cayman proceeding. I offered to obtain a declaration from Sina's Cayman Counsel explaining this as well, and would be happy to do so if it would help resolve this dispute.

I also explained that we are willing to consider a narrowed list of specific documents that New Wave may uniquely possess and cannot otherwise be obtained in party discovery. One example of such documents may be New Wave formation documents, to the extent Sina is not already planning to produce them to you. As it stands, however, your compromise offer includes requests seeking documents that are not uniquely in New Wave's possession and will be produced soon by Sina. *See, e.g.*, Req. No. 5 (documents "concerning the merger or the merger agreement"); Req. No. 8 (documents "concerning the Fairness Opinion"); Req. No. 32 (documents "concerning the trading price of Sina common stock.").

Finally, I explained that while any New Wave production must comply with Chinese law to the extent those documents are stored in China, we will not hold up a production of documents that does not require pre-review by Chinese authorities.

Please let me know by the end of the day if you will agree to extend the motion to quash deadline so we can work to resolve this dispute informally. Otherwise, we regrettably will be forced to move to quash the subpoena on Wednesday.

Thanks,
Dylan

---

**From:** Minyao Wang <mwang@reidcollins.com>
**Sent:** Monday, October 3, 2022 10:45 AM
**To:** Silva, Dylan <DSilva@cov.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: New Wave Subpoena

**[EXTERNAL]**
I am in the middle of another call. But I will call you soon.

Which number should I use?

---

**From:** Silva, Dylan <DSilva@cov.com>
**Sent:** Monday, October 3, 2022 1:44 PM
**To:** Minyao Wang <mwang@reidcollins.com>; Weinstein, Ryan H. <rweinstein@cov.com>

4

**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: New Wave Subpoena

Minyao,

I just tried calling you to discuss the below.  Can you please give me a call to discuss?

Thanks,
Dylan

---

**From:** Minyao Wang <mwang@reidcollins.com>
**Sent:** Friday, September 30, 2022 11:24 AM
**To:** Silva, Dylan <DSilva@cov.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: New Wave Subpoena

**[EXTERNAL]**
Ryan and Dylan,

Your email on Monday evening did not meaningfully respond to our opening proposal. New Wave did not propose to produce a single document unless we identify all documents New Wave has but that Sina does not. That "proposal" makes no sense and has no legal basis. Oasis does not know what documents New Wave has access to or what documents Sina "is not already planning to produce" at a later phase of the Cayman appraisal proceeding. The law permits Oasis to obtain documents from New Wave now regardless of whether Sina may later produce them in the appraisal proceeding. *See In re Top Matrix Holdings Ltd.*, 2020 WL 248716, at *5 (S.D.N.Y. Jan. 16, 2020); *Application of Ambercroft Trading Ltd.,* 2018 WL 2867744, at *3 (N.D. Cal. June 11, 2018); *In re Nord Anglia Education, Inc.*, Cause No. FSD 235 of 2017 (IKJ) (Unreported, April 18, 2019).

Given that New Wave is apparently unwilling to engage in a productive meet and confer process, we will agree to a **final** extension of the deadline until **October 5, 2022** as a professional courtesy to your firm. We will consider a further extension **only if and when** New Wave responds in good faith to our previous proposal by identifying categories of documents New Wave is willing to produce by a date certain, without taking the baseless position that New Wave is required to produce only "unique" documents or relying on vague references to Chinese law (reliance on which would be similarly baseless, as multiple U.S. courts have found).

Please note that our opening proposal referenced in your email was an offer of compromise subject to FRE 408 to avoid unnecessary litigation, and therefore cannot be disclosed to the court in any form. Absent a consensual resolution, we are confident that the Court will rule that the subpoena is enforceable, and we will seek to enforce it in full.

---

**From:** Minyao Wang
**Sent:** Thursday, September 29, 2022 12:56 PM
**To:** 'Silva, Dylan' <DSilva@cov.com>; Weinstein, Ryan H. <rweinstein@cov.com>

5

**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: New Wave Subpoena

Dylan,

Just to clarify, I did not agree to toll the deadline "until we meet and confer next."

I agreed yesterday that the deadline would be extended beyond September 28. I also told you that you we were working on a substantive response to your proposal from Monday and I would be back in touch as soon as I could.

I advised (as I have a number of times throughout this process) that we would be professional with regard the deadline to quash and that we would not ambush your firm with an unrealistic amount of time to put a motion together should that become necessary. I stand by that promise.

But again there is no agreement regarding an extension until the next meet and confer.

We will be back in touch with a substantive response soon to your client's proposal.

---

**From:** Silva, Dylan <DSilva@cov.com>
**Sent:** Thursday, September 29, 2022 12:09 PM
**To:** Minyao Wang <mwang@reidcollins.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: New Wave Subpoena

Many thanks, Minyao. We understand that the motion to quash deadline is tolled until we meet and confer next.

---

**From:** Minyao Wang <mwang@reidcollins.com>
**Sent:** Wednesday, September 28, 2022 9:50 AM
**To:** Silva, Dylan <DSilva@cov.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** Re: New Wave Subpoena

**[EXTERNAL]**
I can confirm that as we discussed we will extend the deadline beyond today. We are preparing a substantive response to your email from Monday. As I stated we have concerns about the nature of the proposal we received. I will be back in touch as soon as I can.

Get Outlook for iOS

---

**From:** Silva, Dylan <DSilva@cov.com>
**Sent:** Wednesday, September 28, 2022 12:39 PM
**To:** Minyao Wang <mwang@reidcollins.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>

6

**Subject:** RE: New Wave Subpoena

Minyao,

As we discussed on the phone this morning, I am writing to confirm your agreement that New Wave's motion to quash deadline will be extended beyond today as we continue to meet and confer regarding the below proposal.

Thanks,
Dylan

---

**From:** Silva, Dylan <DSilva@cov.com>
**Sent:** Wednesday, September 28, 2022 7:02 AM
**To:** Minyao Wang <mwang@reidcollins.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** Re: New Wave Subpoena

Minyao,

Can we please agreed to extend the motion to quash deadline another week while you consider our below proposal?

Thanks,
Dylan

> On Sep 26, 2022, at 8:37 PM, Silva, Dylan <DSilva@cov.com> wrote:
>
> Minyao,
>
> Thank you for your proposal to withdraw Request Nos. 12-14, 18, 27, 32-33, 36-41, and 47, and to limit the remaining requests to "documents sufficient to show."
>
> We have consulted with Sina's Cayman Counsel and understand that "documents sufficient to show" the remaining requests (*i.e.*, Req. Nos. 1-11, 15-17, 19-26, 28-31, 34-35, and 42-46) will be produced to Oasis and the other dissenting shareholders by Sina in the Cayman proceeding. To the extent Oasis believes New Wave *uniquely* possesses any responsive materials (i.e., documents that Sina does not already possess and thus cannot produce in party discovery), we are willing to consider an agreement whereby New Wave would search for and produce these documents in a manner that complies with Chinese law. For example, we would be willing to produce any New Wave formation documents to the extent Sina is not already planning to produce them to you.

7

Is Oasis willing to identify the documents it believes that New Wave uniquely possesses and cannot otherwise be obtained in party discovery? We believe this will help us arrive at a fair and informal resolution that does not require us to burden the courts. New Wave is also willing to revisit its response to your compromise proposal after Oasis has an opportunity to review the party discovery received from Sina in the Cayman proceeding.

Please let me know if Oasis is amendable to this proposal. In the meantime, can we please extend the motion to quash deadline another week to October 5 as we continue to meet and confer over the subpoena?

Best,
Dylan

---

**From:** Minyao Wang <mwang@reidcollins.com>
**Sent:** Monday, September 19, 2022 9:07 AM
**To:** Silva, Dylan <DSilva@cov.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: New Wave Subpoena

**[EXTERNAL]**
Dylan,

I have discussed your response of last Thursday with my client. Oasis is willing to extend the deadline to move to quash one further time to **September 28, 2022**. We want to note clearly that we must receive the "constructive counterproposal" noted in Ryan's email of September 14 before we entertain another extension request. By September 28, more than enough time will have elapsed for New Wave to review our initial offer and provide a substantive counteroffer. To continue the conversation about reaching an informal resolution we must have a written proposal to review by September 28. If not, Oasis will assume that your client is not sincere in reaching an informal resolution.

I look forward to receiving your proposal soon and continuing this conversation.

Minyao

---

**From:** Minyao Wang
**Sent:** Monday, September 19, 2022 10:47 AM
**To:** Silva, Dylan <DSilva@cov.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: New Wave Subpoena

Yes. There will be an extension. I will be in touch shortly concerningly details.

8

**From:** Silva, Dylan <DSilva@cov.com>
**Sent:** Monday, September 19, 2022 10:46 AM
**To:** Minyao Wang <mwang@reidcollins.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Subject:** RE: New Wave Subpoena

Hi Minyao,

Can we please agree to extend the deadline to move to quash by another week to September 27th?

Thanks,
Dylan

---

**From:** Minyao Wang <mwang@reidcollins.com>
**Sent:** Thursday, September 15, 2022 3:12 PM
**To:** Silva, Dylan <DSilva@cov.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Subject:** RE: New Wave Subpoena

**[EXTERNAL]**
Dylan,

Thank you.  I confirm that the deadline is moved to Tuesday, September 20.

My intention is to come back to you tomorrow with an update.

---

**From:** Silva, Dylan <DSilva@cov.com>
**Sent:** Thursday, September 15, 2022 6:07 PM
**To:** Minyao Wang <mwang@reidcollins.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Subject:** RE: New Wave Subpoena

Hi Minyao,

As discussed on our call, we have no intention to hold up a production that does not require pre-review by Chinese authorities.  At this time, however, we cannot make a blanket representation that anything we agree to produce would not require the pre-approval of Chinese authorities.

Can you please confirm you agree to extend the deadline to move to compel to mid-next week while we await your client's authorization for a further extension?

Thanks,
Dylan

9

**From:** Minyao Wang <mwang@reidcollins.com>
**Sent:** Thursday, September 15, 2022 2:03 PM
**To:** Silva, Dylan <DSilva@cov.com>; Weinstein, Ryan H. <rweinstein@cov.com>
**Subject:** RE: New Wave Subpoena

[EXTERNAL]
347-286-0276.

**From:** Silva, Dylan <DSilva@cov.com>
**Sent:** Thursday, September 15, 2022 5:02 PM
**To:** Weinstein, Ryan H. <rweinstein@cov.com>; Minyao Wang <mwang@reidcollins.com>
**Subject:** RE: New Wave Subpoena

Minyao, what's your best number?

**From:** Weinstein, Ryan H. <rweinstein@cov.com>
**Sent:** Thursday, September 15, 2022 2:01 PM
**To:** Minyao Wang <mwang@reidcollins.com>
**Cc:** Silva, Dylan <DSilva@cov.com>
**Subject:** RE: New Wave Subpoena

Dylan can call you at that time since I'll be in transit.  Thanks.

**Ryan Weinstein**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4784 | rweinstein@cov.com
www.cov.com

**From:** Minyao Wang <mwang@reidcollins.com>
**Sent:** Thursday, September 15, 2022 1:59 PM
**To:** Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Silva, Dylan <DSilva@cov.com>; Minyao Wang <mwang@reidcollins.com>
**Subject:** RE: New Wave Subpoena

[EXTERNAL]
Yes.  I will call you at 6 PM New York time.  Shall I call your direct line?

**From:** Weinstein, Ryan H. <rweinstein@cov.com>
**Sent:** Thursday, September 15, 2022 4:57 PM
**To:** Minyao Wang <mwang@reidcollins.com>

10

**Cc:** Silva, Dylan <DSilva@cov.com>
**Subject:** RE: New Wave Subpoena

Minyao,

Can we have a call to discuss? It's unclear exactly what you're asking us to confirm.

We're available this afternoon starting at 3 p.m. PT.

Ryan

**Ryan Weinstein**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4784 | rweinstein@cov.com
www.cov.com

image001.jpg

---

**From:** Minyao Wang <mwang@reidcollins.com>
**Sent:** Thursday, September 15, 2022 1:48 PM
**To:** Weinstein, Ryan H. <rweinstein@cov.com>
**Cc:** Silva, Dylan <DSilva@cov.com>
**Subject:** RE: New Wave Subpoena

**[EXTERNAL]**
Ryan,

It was good to speak with you as well. I appreciate your representation on behalf of New Wave that a "constructive counterproposal" will be forthcoming.

Before we agree to a further extension of the deadline, we would like confirmation on this point: to the extent that we are able to reach an informal resolution of the document production subpoena, New Wave will not condition production of documents on getting approval first from the Government of the People's Republic of China. It is not going to work for Oasis if such a condition were to be imposed.

And for the avoidance of doubt, if we cannot reach an informal resolution and litigation becomes necessary, both sides are free to brief the Court on this issue. But in the context of an informal resolution that we are aiming to reach here, the alleged need for Chinese governmental approval as a condition to production is off the table. Please confirm our understanding.

I look forward to receiving your substantive proposal.

Minyao

11

---

**From:** Weinstein, Ryan H. <rweinstein@cov.com>
**Sent:** Wednesday, September 14, 2022 3:12 PM
**To:** Minyao Wang <mwang@reidcollins.com>
**Cc:** Silva, Dylan <DSilva@cov.com>
**Subject:** New Wave Subpoena

Minyao,

Good speaking to you just now.

As discussed, we are continuing to review your proposal, and we intend to make a constructive counterproposal in the hopes of reaching an informal resolution, which we still believe to be possible here.  Part of the delay on our end is due to the need to confer with our client and with Sina to better understand what has been or will soon be produced to Oasis in connection with party discovery in the Cayman proceeding.

In light of the above, please confirm that Oasis will extend our deadline to move to quash the subpoena so we can continue to engage in meaningful dialogue concerning the scope of Oasis' requests.

Thanks,
Ryan


**Ryan Weinstein**

Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
T +1 424 332 4784 | rweinstein@cov.com
www.cov.com

image001.jpg