# EXHIBIT 6

REID COLLINS & TSAI LLP
330 West 58th Street
Suite 403
New York, New York 10019
Main: 212.344.5200
Fax: 212.344.5299
www.reidcollins.com

Minyao Wang |
Direct: 212.344-5206
mwang@reidcollins.com

October 21, 2022

**VIA EMAIL**
Ryan H. Weinstein, Esq.
Covington & Burling LLP
1999 Avenue of the Stars
Los Angeles, CA 90067-4643
rweinstein@cov.com

**VIA EMAIL**
Michael C. Tu, Esq.
Ben Sweeney, Esq.
Cooley LLP
1333 2nd Street, Ste. 400
Santa Monica, CA 90401-4100
mctu@cooley.com
bsweeney@cooley.com

**VIA EMAIL**
Dylan Silva, Esq.
Covington & Burling LLP
415 Mission Street, Ste. 5400
San Francisco, CA 94105-2533
dsilva@cov.com

Re: *Oasis Focus Fund LP v. Charles Guowei Chao and New Wave MMXV Limited*;
S.D.N.Y. Case No. 1:22-mc-00113-PAE

Gentlemen:

  We write to convey Oasis's last and final offer to settle this matter without litigation. Your clients' proposals to produce only a handful of documents ***partially*** responsive to ***seven*** requests for production do not convey a serious desire to settle this matter on reasonable terms.[1] We will not waste additional time on an unproductive negotiation. We agree to extend the deadline for New Wave to file its motion to quash to **October 28, 2022,** for you to consider this proposal. Unless your clients agree ***by that date*** to produce ***all*** categories of documents identified below, and to do so ***within a reasonable time***,[2] we will not agree to any further extensions of the deadline. If forced to litigate a motion to quash, we reserve the right to seek additional categories of requested documents and to revert to the original scope.

---

[1] Even for the few documents your clients proposed to produce, your clients' proposals would also enable them to invoke PRC data review requirements to delay production indefinitely.

[2] We would expect production to begin in short order and to be completed by a date certain no later than approximately 90 days from our agreement.

Ryan H. Weinstein, Esq.
Dylan Silva, Esq.
Michael C. Tu, Esq.
Ben Sweeney, Esq.
October 21, 2022
Page 2

To resolve this matter, Respondents must produce all documents in their possession, custody, or control responsive to the following requests for production to the extent indicated below. These requests relate directly to New Wave's and Mr. Chao's roles in the Transaction. To facilitate a consensual resolution, we have narrowed our requests substantially, both in number and in many instances, in scope. These concessions are intended to make it easier for Respondents to gather and produce their responsive documents quickly and efficiently if they agree to do so voluntarily.

**Categories of Documents to Be Produced**

| RFP # | As demanded in the subpoenas | For Purposes of this compromise offer |
|---|---|---|
| 1 | ALL DOCUMENTS concerning the formation of NEW WAVE, New Wave Mergersub Limited, and New Wave Holdings Limited. | DOCUMENTS *sufficient to show* the formation of NEW WAVE, New Wave Mergersub Limited, and New Wave Holdings Limited. |
| 2 | DOCUMENTS sufficient to show the identities of the officers and directors of NEW WAVE, New Wave Mergersub Limited, and New Wave Holdings Limited. | As demanded (sufficient to show) |
| 3 | DOCUMENTS sufficient to show YOUR relationships with CHAO, SINA, ZHANG and/or SUN DREAM. | As demanded (New Wave only, sufficient to show). |
| 4(3)[3] | All non-privileged DOCUMENTS and COMMUNICATIONS concerning any Cayman Islands Appraisal Proceeding regarding the valuation of SINA, including risk analysis, internal reports, and discussions of implications for public relations and business strategy. | As demanded. |
| 5(4) | All DOCUMENTS and COMMUNICATIONS concerning the MERGER or the MERGER AGREEMENT. | As demanded, but solely with respect to documents and communications created, sent or received by Chao and/or New Wave (including those conducting business on behalf of Chao personally or |

---

[3] Numbers or portions of requests in parentheses indicate differences for RFP's to Chao that are different than those to New Wave.

Ryan H. Weinstein, Esq.
Dylan Silva, Esq.
Michael C. Tu, Esq.
Ben Sweeney, Esq.
October 21, 2022
Page 3

| RFP # | As demanded in the subpoenas | For Purposes of this compromise offer |
|---|---|---|
| | | New Wave), even if such individuals utilized Sina email addresses or devices. |
| 6(5) | All DOCUMENTS and COMMUNICATIONS concerning any ALTERNATIVE TRANSACTION (other than the MERGER) authored, reviewed, considered, addressed discussed, analyzed by YOU or any other person acting on YOUR behalf. | As demanded |
| 7(6) | All DOCUMENTS and COMMUNICATIONS exchanged between YOU and any member(s) of the BUYER GROUP, the BOARD, the COMPANY, the SPECIAL COMMITTEE, a member of the SPECIAL COMMITTEE, MORGAN STANLEY, TUSIMPLE, WEIBO, SUN DREAM, the LENDERS and/or ZHANG concerning the MERGER or any ALTERNATIVE TRANSACTION. | As demanded |
| 8(7) | All DOCUMENTS and COMMUNICATIONS concerning the FAIRNESS OPINION. | As demanded, but solely with respect to documents and communications created, sent or received by Chao and/or New Wave (including those conducting business on behalf of Chao personally or New Wave), even if such individuals utilized Sina email addresses or devices. |
| 9(8) | ALL DOCUMENTS and COMMUNICATIONS concerning the MORGAN STANLEY PRESENTATION. | As demanded, but solely with respect to documents and communications created, sent or received by Chao and/or New Wave (including those conducting business on behalf of Chao personally or New Wave), even if such individuals utilized Sina email addresses or devices. |
| 10(9) | All DOCUMENTS and COMMUNICATIONS concerning the formation of the SPECIAL COMMITTEE, including the selection | Documents **sufficient to show** the relationship … YOU may have or had with any members of the SPECIAL COMMITTEE. |

Ryan H. Weinstein, Esq.
Dylan Silva, Esq.
Michael C. Tu, Esq.
Ben Sweeney, Esq.
October 21, 2022
Page 4

| RFP # | As demanded in the subpoenas | For Purposes of this compromise offer |
|---|---|---|
|  | and appointment of members of the SPECIAL COMMITTEE, the purported independence of such members and relationship YOU may have or had with any members of the SPECIAL COMMITTEE. |  |
| 11(10) | All DOCUMENTS and COMMUNICATIONS exchanged between YOU and the government of the People's Republic of China concerning the COMPANY, any of the assets of the Company, WEIBO, and/or the MERGER. | DOCUMENTS *sufficient to show all* COMMUNICATIONS exchanged between YOU and the government of the People's Republic of China concerning the COMPANY, any of the assets of the Company, WEIBO, and/or the MERGER. |
| 15(14) | ALL DOCUMENTS and COMMUNICATIONS concerning SINA PLAZA including any plans to sell SINA PLAZA in whole or in part to WEIBO. | As demanded. |
| 19(18) | All DOCUMENTS and COMMUNICATIONS concerning valuation reports, fairness or solvency opinions, appraisals, analyses, reviews, discounted cash flow or other comparable companies' analysis, or other documents concerning the value, market value, book, value or fair value of the COMPANY, its stock, and/or any of the COMPANY's assets or businesses. | As demanded, but solely with respect to documents and communications created, sent or received by Chao and/or New Wave (including those conducting business on behalf of Chao personally or New Wave), even if such individuals utilized Sina email addresses or devices. |
| 20(19) | All DOCUMENTS and COMMUNICATIONS concerning any forecast of the COMPANY's future performance, including, but not limited to the PROJECTIONS. | As demanded, but solely with respect to documents and communications created, sent or received by Chao and/or New Wave (including those conducting business on behalf of Chao personally or New Wave), even if such individuals utilized Sina email addresses or devices. |
| 22(21) | All materials including books, analyses, and/or presentations (including drafts) concerning the MERGER, strategic alternatives, or any other offer as well as | As demanded |

Ryan H. Weinstein, Esq.
Dylan Silva, Esq.
Michael C. Tu, Esq.
Ben Sweeney, Esq.
October 21, 2022
Page 5

| RFP # | As demanded in the subpoenas | For Purposes of this compromise offer |
|---|---|---|
| | materials supporting such books, analyses, and/or presentations. | |
| 25(24) | All DOCUMENTS and COMMUNICATIONS concerning any condition that the MERGER be approved by a majority of the shares not held by the BUYER GROUP. | As demanded |
| 26(25) | All DOCUMENTS and COMMUNICATIONS concerning any condition that the MERGER be subject to a GO-SHOP. | As demanded |
| 28(27) | ALL DOCUMENTS and communications concerning the financing of the MERGER including potential but unconsummated financing plans and DOCUMENTS and COMMUNICATIONS produced by, provided to, obtained from, exchanged with or relating to financiers or purchasers and/or any prospective or potential financiers or purchasers including without limitation, the LENDERS. | As demanded |
| 29(28) | All DOCUMENTS and COMMUNICATIONS concerning the equity financing CHAO provided YOU (YOU provided to NEW WAVE) concerning the MERGER. | As demanded |
| 30(29) | All DOCUMENTS and COMMUNICATIONS concerning the preference shares issued to YOU (issued to NEW WAVE) on or around November 7, 2017, as referenced in the COMPANY's Form 6-K filing dated November 8, 2017. For purposes of this Request, the date range is April 1, 2017, to December 31, 2017. | As demanded |

Ryan H. Weinstein, Esq.
Dylan Silva, Esq.
Michael C. Tu, Esq.
Ben Sweeney, Esq.
October 21, 2022
Page 6

| RFP # | As demanded in the subpoenas | For Purposes of this compromise offer |
|---|---|---|
| 32(31) | All DOCUMENTS and COMMUNICATIONS concerning any plan to list the shares of the COMPANY or any part of it in a stock exchange after the completion of the MERGER. For purposes of this Request, the ending date range is the present time. | DOCUMENTS *sufficient to show* any plan to list the shares of the COMPANY or any part of it in a stock exchange after the completion of the MERGER. For purposes of this Request, the ending date range is the present time. |
| 35(34) | All DOCUMENTS and COMMUNICATIONS that are or related to a calculation of the profit or returns YOU or CHAO (YOU or NEW WAVE) anticipated making from the MERGER. | As demanded. |
| 36(35) | ALL DOCUMENTS and COMMUNICATIONS concerning the TUSIMPLE IPO. | As demanded. |
| 44(43) | All DOCUMENTS and COMMUNICATIONS concerning any connection between YOU and/or CHAO (YOU and/or NEW WAVE) on the one hand and SUN DREAM on the other. | DOCUMENTS *sufficient to show* any connection between YOU and/or CHAO (YOU and/or NEW WAVE) on the one hand and SUN DREAM on the other. |

If Respondents agree to this proposal, we are willing to hold in abeyance our other document requests and wider scope of certain requests. We expressly reserve the right to reopen the issue if Respondents fail to substantially comply with their agreed-to obligations under this proposal.

A consensual resolution of the scope of document production would be without prejudice to Oasis's right to seek a corporate deposition of New Wave and a deposition of Mr. Chao (and of Respondents' right to oppose the same).

I look forward to hearing from you soon.

Ryan H. Weinstein, Esq.
Dylan Silva, Esq.
Michael C. Tu, Esq.
Ben Sweeney, Esq.
October 21, 2022
Page 7

                                      Very truly yours,

                                      Minyao Wang
                                      REID COLLINS & TSAI LLP