# EXHIBIT 7

| | |
|---|---|
| **From:** | Minyao Wang |
| **To:** | Silva, Dylan; Weinstein, Ryan H.; Tu, Michael; Sweeney, Benjamin Brink |
| **Cc:** | Yonah Jaffe |
| **Subject:** | RE: Oasis Focus Fund LP v. Charles Guowei Chao and New Wave MMXV Limited; S.D.N.Y. Case No. 1:22-mc-00113-PAE |
| **Date:** | Thursday, October 27, 2022 7:59:16 PM |

**[EXTERNAL]**

Dylan,

We disagree with your characterizations. The record is clear that we are seeking reasonable and proportionate discovery from your client, a participant in a $2.6 billion buyout transaction of a company listed in the United States. You did not offer to produce seven categories of documents. You instead offered to produce *only* documents *sufficient to show* for *seven* categories. That is woefully insufficient.

In a final effort to resolve this matter consensually, we in our October 21, 2022 letter offered that New Wave produce only **24** categories of discovery (out of **47** categories propounded in the subpoena). Critically, we also substantially narrowed the scope of many of these 24 requests to minimize any purported burden. Your client's refusal to ***meaningfully*** respond to our most recent compromise proposal confirms that it is not interested in serious negotiations nor has it ever been.

And contrary to the characterization below, we have repeatedly disputed the alleged applicability of Chinese laws. For example, please refer to my email to you dated September 30 in which I stated that "reliance on [Chinese laws] would be similarly baseless, as multiple U.S. courts have found." And you repeatedly failed to explain how PRC laws purportedly applied to and affected any proposed production by New Wave.

And it goes without saying that in light of this clear record your threat of seeking sanctions is frivolous.

As stated in our most recent letter, we intend to seek full enforcement of our subpoena before the court.

**From:** Silva, Dylan <DSilva@cov.com>
**Sent:** Thursday, October 27, 2022 3:46 PM
**To:** Minyao Wang <mwang@reidcollins.com>; Weinstein, Ryan H. <rweinstein@cov.com>; Tu, Michael <mctu@cooley.com>; Sweeney, Benjamin Brink <bsweeney@cooley.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>
**Subject:** RE: Oasis Focus Fund LP v. Charles Guowei Chao and New Wave MMXV Limited; S.D.N.Y. Case No. 1:22-mc-00113-PAE

Minyao,

New Wave cannot agree to the unreasonable demands set forth in your October 21, 2022 letter.

We regret that the parties have been unable to reach an informal resolution that would obviate the need for judicial intervention, but you and your client have left us with no choice.

As you know, to avoid needless motion practice, New Wave agreed to search for and produce seven categories of documents, subject to all PRC data review regulations, and consistent with the Cayman court's Directions Order.  But rather than meaningfully engage with our proposal, Oasis now demands that New Wave produce documents in response to 24 separate requests, even though we have explained to you that Sina will soon produce these exact same documents in the Cayman proceeding.  We have even offered to furnish a declaration to this effect.  Oasis has even demand that New Wave produce these documents within 90 days, even though production of documents located exclusively in China must first be approved by the competent PRC authorities, a fact you have not once disputed.  As we have communicated many times, New Wave cannot and will not agree to any document production that would violate Chinese law and potentially expose New Wave to severe sanctions in China.  Finally, it now appears that Oasis will not withdraw its request for a burdensome corporate deposition, *even if* New Wave were to agree to produce documents in response to Oasis's 24 requests.

As you have made clear that this is your "last and final offer," New Wave will be filing a motion to quash tomorrow.  Additionally, in light of the record described above, in which Oasis has taken no "reasonable steps to avoid imposing undue burden or expense" on a nonparty, New Wave reserves its right to seek appropriate sanctions under Federal Rule of Civil Procedure 45.  *See* Fed. R. Civ. P. 45(d)(1) ("A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.").

Sincerely,
Dylan

---

**From:** Minyao Wang <mwang@reidcollins.com>
**Sent:** Friday, October 21, 2022 6:39 PM
**To:** Weinstein, Ryan H. <rweinstein@cov.com>; Silva, Dylan <DSilva@cov.com>; Tu, Michael <mctu@cooley.com>; Sweeney, Benjamin Brink <bsweeney@cooley.com>
**Cc:** Yonah Jaffe <yjaffe@reidcollins.com>; Minyao Wang <mwang@reidcollins.com>
**Subject:** Oasis Focus Fund LP v. Charles Guowei Chao and New Wave MMXV Limited; S.D.N.Y. Case No. 1:22-mc-00113-PAE

**[EXTERNAL]**
Counsel,

Resending with everyone's correct email address.

Please see attached letter concerning the above referenced matter.

**Minyao Wang**

# reid | collins

---
Reid Collins & Tsai LLP
330 West 58th Street, Suite 403
New York, NY 10019
212.344.5200 *(Main)*
212.344.5206 *(Direct)*
212.344.5299 *(Fax)*

[website](#) | [bio](#) | [vcard](#)

---
AUSTIN | DALLAS | NEW YORK | WASHINGTON, D.C. | WILMINGTON