# EXHIBIT 1

**UNITED STATES**
**SECURITIES AND EXCHANGE COMMISSION**
**Washington, D.C. 20549**
**SCHEDULE 13D/A**
Under the Securities Exchange Act of 1934
(Amendment No. 3)

**SINA CORPORATION**

(Name of Issuer)

**Ordinary Shares, par value $0.133**

(Title of Class of Securities)

**G81477104**

(CUSIP Number)

**Charles Chao**
**New Wave MMXV Limited**
**7/F SINA Plaza**
**No. 8 Courtyard 10 West**
**Xibeiwang East Road**
**Haidian District, Beijing, 100193**
**People's Republic of China**
**Telephone: +86 10 5898 3007**

(Name, Address and Telephone Number of Person
Authorized to Receive Notices and Communications)

with copies to:

| | |
|---|---|
| **Z. Julie Gao, Esq.** | **Peter X. Huang, Esq.** |
| **Skadden, Arps, Slate, Meagher & Flom LLP** | **Skadden, Arps, Slate, Meagher & Flom LLP** |
| **c/o 42/F, Edinburgh Tower** | **30/F, China World Office 2** |
| **The Landmark** | **No. 1, Jianguomenwai Avenue** |
| **15 Queen's Road Central** | **Chaoyang District** |
| **Hong Kong** | **Beijing 100004, People's Republic of China** |
| **+852 3740-4700** | **+86 10 6535-5500** |

**July 6, 2020**

(Date of Event Which Requires Filing of this Statement)

If the filing person has previously filed a statement on Schedule 13G to report the acquisition that is the subject of this Schedule 13D, and is filing this schedule because § 240.13d-1(e), 240.13d-1(f) or 240.13d-1(g) check the following box. ☐

\* The remainder of this cover page shall be filled out for a reporting person's initial filing on this form with respect to the subject class of securities, and for any subsequent amendment containing information which would alter disclosures provided in a prior cover page.

The information required on the remainder of this cover page shall not be deemed to be "filed" for the purpose of Section 18 of the Securities Exchange Act of 1934 ("Act") or otherwise subject to the liabilities of that section of the Act but shall be subject to all other provisions of the Act (however, see the Notes).

| CUSIP No. | G81477104 | | | Page | 2 | of | 8 | Pages |

| 1 | NAME OF REPORTING PERSONS<br>Charles Chao | | |
|---|---|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (SEE INSTRUCTIONS)<br>(a) ☐<br>(b) ☐ | | |
| 3 | SEC USE ONLY | | |
| 4 | SOURCE OF FUNDS (See Instructions)<br>PF | | |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) ☐ | | |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br>United States of America | | |
| NUMBER OF SHARES BENEFICIALLY OWNED BY EACH REPORTING PERSON WITH | 7 | SOLE VOTING POWER<br>8,846,247 ordinary shares |
| | 8 | SHARED VOTING POWER<br>0 |
| | 9 | SOLE DISPOSITIVE POWER<br>8,846,247 ordinary shares |
| | 10 | SHARED DISPOSITIVE POWER<br>0 |
| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>8,846,247 ordinary shares | | |
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) ☐ | | |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>14.8% | | |
| 14 | TYPE OF REPORTING PERSON (SEE INSTRUCTIONS)<br>IN | | |

2

| CUSIP No. | G81477104 | | Page | 3 | of | 8 | Pages |

| 1 | NAME OF REPORTING PERSONS<br>New Wave MMXV Limited |
|---|---|
| 2 | CHECK THE APPROPRIATE BOX IF A MEMBER OF A GROUP (SEE INSTRUCTIONS)<br>(a) ☐<br>(b) ☐ |
| 3 | SEC USE ONLY |
| 4 | SOURCE OF FUNDS (See Instructions)<br>WC, BK |
| 5 | CHECK IF DISCLOSURE OF LEGAL PROCEEDINGS IS REQUIRED PURSUANT TO ITEMS 2(d) or 2(e) ☐ |
| 6 | CITIZENSHIP OR PLACE OF ORGANIZATION<br>British Virgin Islands |

| NUMBER OF<br>SHARES<br>BENEFICIALLY<br>OWNED BY EACH<br>REPORTING<br>PERSON WITH | 7 | SOLE VOTING POWER<br>7,944,386 ordinary shares |
|---|---|---|
| | 8 | SHARED VOTING POWER<br>0 |
| | 9 | SOLE DISPOSITIVE POWER<br>7,944,386 ordinary shares |
| | 10 | SHARED DISPOSITIVE POWER<br>0 |

| 11 | AGGREGATE AMOUNT BENEFICIALLY OWNED BY EACH REPORTING PERSON<br>7,944,386 ordinary shares |
|---|---|
| 12 | CHECK IF THE AGGREGATE AMOUNT IN ROW (11) EXCLUDES CERTAIN SHARES (See Instructions) ☐ |
| 13 | PERCENT OF CLASS REPRESENTED BY AMOUNT IN ROW (11)<br>13.3% |
| 14 | TYPE OF REPORTING PERSON (SEE INSTRUCTIONS)<br>CO |

3

| CUSIP No. | G81477104 | | Page | 4 | of | 8 | Pages |

**Item 1. Security and Issuer.**

This Statement on Schedule 13D/A (this "Amendment No. 3") amends and supplements the statement on Schedule 13D filed jointly by Mr. Charles Chao and New Wave MMXV Limited ("New Wave," and together with Mr. Chao, the "Reporting Persons") with the U.S. Securities and Exchange Commission on November 16, 2015 (as subsequently amended by an Amendment No. 1 filed on June 16, 2017 and an Amendment No. 2 filed on November 15, 2017, the "Original Schedule 13D") with respect to the ordinary shares, par value $0.133 per share (the "Ordinary Shares") of Sina Corporation, a company organized under the laws of the Cayman Islands (the "Company"). The principal executive offices of the Company are located at SINA Plaza, No. 8 Courtyard 10 West, Xibeiwang E. Road, Haidian District, Beijing 100193, People's Republic of China. Except as specifically amended by this Amendment No. 3, the Original Schedule 13D remains unchanged. Capitalized terms used but not defined in this Amendment No. 3 have the meanings ascribed to them in the Original Schedule 13D.

**Item 2. Identity and Background.**

Item 2 of the Original Schedule 13D is hereby amended and restated as follows:

This Amendment No. 3 is being filed jointly by Mr. Charles Chao and New Wave pursuant to Rule 13d-1(k)(1) under the Securities Exchange Act of 1934, as amended.

(a)-(c), (f) Mr. Charles Chao is a citizen of the United States of America. Mr. Chao is the chairman of the board of directors and chief executive officer of the Company and the sole director of New Wave. Mr. Chao's business address is 7/F SINA Plaza, No. 8 Courtyard 10 West Xibeiwang East Road, Haidian District, Beijing, People's Republic of China.

New Wave is a British Virgin Islands company controlled by Mr. Charles Chao. The principal executive offices of New Wave are located at 7/F SINA Plaza, No. 8 Courtyard 10 West Xibeiwang East Road, Haidian District, Beijing, People's Republic of China. The name, business address, present principal occupation or employment and citizenship of each executive officer and director of New Wave are set forth on Schedule A hereto and are incorporated herein by reference.

(d), (e) During the last five years, none of the Reporting Persons has been: (i) convicted in a criminal proceeding (excluding traffic violations or similar misdemeanors) or (ii) a party to a civil proceeding of a judicial or administrative body of competent jurisdiction and as a result of such proceeding was or is subject to a judgment, decree or final order enjoining future violations of, or prohibiting or mandating activities subject to, federal or state securities laws or finding any violation with respect to such laws.

**Item 3. Source and Amount of Funds or Other Consideration.**

Item 3 of the Original Schedule 13D is hereby amended and supplemented by the following:

The Reporting Persons anticipate that, at the price per Ordinary Share set forth in the Proposal (as described in Item 4 below), an aggregate amount of approximately US$2.08 billion will be expended in acquiring approximately 50,765,240 Ordinary Shares not currently held by the Reporting Persons (the "Publicly Held Shares"). It is anticipated that the funding for the acquisition of the Publicly Held Shares will be provided by a combination of debt and equity, and that Reporting Persons that are existing shareholders of the Company will roll over their equity interests in the Company to the Acquisition Vehicle (as defined in Item 4 below).

CUSIP No. | G81477104 |                                                    Page | 5 | of | 8 | Pages

**Item 4. Purpose of Transaction.**

Item 4 of the Original Schedule 13D is hereby amended and supplemented by the following:

On July 6, 2020, New Wave submitted a preliminary non-binding proposal (the "Proposal") to the Company's board of directors. In the Proposal, New Wave proposed to acquire, through an acquisition vehicle (the "Acquisition Vehicle") to be formed by New Wave, all of the Publicly Held Shares for US$41 per share in cash. New Wave intends to finance the transactions contemplated by the Proposal through a combination of debt and equity.

Any definitive agreement entered into in connection with the transactions contemplated by the Proposal is likely to be subject to customary closing conditions, including approval by the Company's shareholders of the terms of such transactions.

If the transactions contemplated by the Proposal are completed, the Ordinary Shares would become eligible for termination of registration pursuant to Section 12(g)(4) of the Securities Act and would be delisted from the Nasdaq Global Select Market.

The descriptions of the Proposal in this Amendment No. 3 are qualified in their entirety by reference to the Proposal, a copy of which is attached hereto as Exhibit B and incorporated herein by reference in its entirety.

Except as indicated above, the Reporting Persons have no plans or proposals which relate to or would result in any of the actions specified in paragraphs (a) through (j) of Item 4 of Schedule 13D. The Reporting Persons may, at any time and from time to time, formulate other purposes, plans or proposals regarding the Company, or any other actions that could involve one or more of the types of transactions or have one or more of the results described in paragraphs (a) through (j) of Item 4 of Schedule 13D.

**Item 5. Interest in Securities of the Issuer.**

Item 5(a), (b) and (c) of the Original Schedule 13D is hereby amended and restated as follows:

The responses of Mr. Charles Chao and New Wave to Rows (7) through (13) of the cover pages of this Amendment No. 3 are hereby incorporated by reference in this Item 5.

As of the date of this filing, Mr. Charles Chao beneficially owns 8,846,247 Ordinary Shares, representing approximately 14.8% of the Company's total issued and outstanding Ordinary Shares. These Ordinary Shares beneficially owned by Mr. Chao comprise (i) 7,944,386 Ordinary Shares held by New Wave, (ii) 789,361 Ordinary Shares held by Mr. Chao, (iii) 67,500 Ordinary Shares issuable upon exercise of options exercisable within 60 days after the date of this filing, and (iv) 45,000 Ordinary Shares issuable upon vesting of restricted share units within 60 days after the date of this filing. The percentage of Ordinary Shares beneficially owned by each Reporting Person is based on 59,498,987 Ordinary Shares outstanding as of July 6, 2020 (excluding 24,197,557 Ordinary Shares that have been repurchased but not cancelled, 255,037 of which have not been settled). In computing the percentage ownership of the Reporting Persons, we have included, if applicable, shares that the Reporting Persons have the right to acquire within 60 days, including through the exercise of options and vesting of restricted share units, after the date of this filing.

As of the date of this filing, Mr. Chao also beneficially owns 7,150 class A preference shares, par value $1.00 per share, of the Company (the "Class A Preference Shares"). These Class A Preference Shares are held by New Wave and represent all of the Company's issued and outstanding Class A Preference Shares. Each Class A Preference Share is entitled to 10,000 votes.

CUSIP No.  G81477104                                    Page  6  of  8  Pages

Except as disclosed herein, none of the Reporting Persons or to the best of their knowledge, any of the persons listed in <u>Schedule A</u> hereto, beneficially owns any share of the Company or has the right to acquire any share of the Company.

Except as disclosed herein, none of the Reporting Persons or to the best of their knowledge, any of the persons listed in <u>Schedule A</u> hereto, presently has the power to vote or to direct the vote or to dispose or direct the disposition of any share of the Company that they may be deemed to beneficially own.

Except as disclosed herein, none of the Reporting Persons or to the best of their knowledge, any of the persons listed in <u>Schedule A</u> hereto, has effected any transaction in the shares of the Company during the past 60 days.

**Item 6. Contracts, Arrangements, Understandings or Relationships with Respect to Securities of the Issuer.**

Item 6 of the Original Schedule 13D is hereby amended and supplemented by the following:

The descriptions of the principal terms of the Proposal under Item 4 are incorporated herein by reference in their entirety.

To the best knowledge of the Reporting Persons, except as provided herein, there are no other contracts, arrangements, understandings or relationships (legal or otherwise) among the Reporting Persons and between any of the Reporting Persons and any other person with respect to any securities of the Company, joint ventures, loan or option arrangements, puts or calls, guarantees of profits, divisions of profits or loss, or the giving or withholding of proxies, or a pledge or contingency, the occurrence of which would give another person voting power over the securities of the Company.

**Item 7. Material to be Filed as Exhibits.**

Item 7 of the Original Schedule 13D is hereby amended and restated as follows:

A     Joint Filing Agreement, dated as of November 16, 2015, between Charles Chao and New Wave MMXV Limited (incorporated by reference to Exhibit A to Schedule 13D filed on November 16, 2015)

B     Non-Binding Proposal Letter from New Wave to the Company's board of directors, dated July 6, 2020

6

CUSIP No.  G81477104                                                    Page  7  of  8  Pages

**SIGNATURE**

After reasonable inquiry and to the best of my knowledge and belief, I certify that the information set forth in this statement is true, complete and correct.

Dated: July 10, 2020

**CHARLES CHAO**

/s/ Charles Chao

**NEW WAVE MMXV LIMITED**

By:     /s/ Charles Chao

Name: Charles Chao

Title: Director

[Signature Page to Schedule 13D/A]

7

CUSIP No.   G81477104                                     Page  8   of   8   Pages

**SCHEDULE A**
**Directors and Executive Officers of New Wave MMXV Limited**
Information regarding the sole director of New Wave MMXV Limited is set forth below.

| Name | Present Principal Occupation | Business Address | Citizenship |
|------|------------------------------|------------------|-------------|
| **Director:** | | | |
| Charles Chao | Chairman of the board of directors and chief executive officer of Sina Corporation | 7/F SINA Plaza<br>No. 8 Courtyard 10 West<br>Xibeiwang East Road<br>Haidian District, Beijing, 100193,<br>People's Republic of China | United States of America |

8

**Exhibit B**
Non-Binding Proposal Letter from New Wave to the Company's Board of Directors

**Exhibit B**
July 6, 2020

The Board of Directors
Sina Corporation (the "Company")
No. 8 SINA Plaza
Courtyard 10, West Xibeiwang E. Road
Haidian District, Beijing 100193
People's Republic of China

Dear Sirs:

We, New Wave MMXV Limited, a company incorporated in the British Virgin Islands and controlled by Mr. Charles Chao, Chairman and Chief Executive Officer of the Company ("we" or the "Buyer"), are pleased to submit this preliminary non-binding proposal to acquire all the outstanding ordinary shares (the "Ordinary Shares") of the Company not already owned by us in a going-private transaction (the "Acquisition"). The Buyer currently beneficially owns Ordinary Shares and Class A Preference Shares of the Company representing approximately 58% of the aggregate voting power in the Company.

We believe that our proposal of US$41 in cash per Ordinary Share will provide a very attractive opportunity to the Company's shareholders. This price represents a premium of approximately 20% to the average closing price of the Ordinary Shares during the 30 trading days prior to today. The terms and conditions upon which we are prepared to pursue the Acquisition are set forth below.

1. <u>Buyer</u>. We intend to form an acquisition vehicle for the purpose of implementing the Acquisition. The Acquisition will be in the form of a merger of the Company with the acquisition vehicle.

2. <u>Purchase Price</u>. Our proposed consideration payable for the Ordinary Shares acquired in the Acquisition will be US$41 per Ordinary Share in cash.

3. <u>Financing</u>. We intend to finance the Acquisition with a combination of debt and equity, and expect definitive commitments for the required debt and equity funding, subject to terms and conditions set forth therein, to be in place when the definitive agreements effecting the Acquisition are signed.

4. <u>Due Diligence</u>. Parties providing financing will require a timely opportunity to conduct customary due diligence on the Company. We would like to ask the board of directors of the Company to accommodate such due diligence request and approve the provision of confidential information relating to the Company and its business to possible sources of equity and debt financing subject to a customary form of confidentiality agreement.

1

5. <u>Definitive Agreements</u>. We are prepared to negotiate and finalize definitive agreements expeditiously. This proposal is subject to execution of the definitive agreements. These documents will include provisions typical for transactions of this type.

6. <u>Process</u>. We believe that the Acquisition will provide superior value to the Company's shareholders. We recognize of course that the board of directors of the Company will evaluate the proposed Acquisition independently before it can make its determination whether to endorse it. In considering the proposed Acquisition, you should be aware that we are interested only in acquiring the outstanding Ordinary Shares that the Buyer does not already own, and that we do not intend to sell our stake in the Company to any third party.

7. <u>Confidentiality</u>. We will, as required by law, promptly file a Schedule 13D amendment to disclose this letter. We are sure you will agree with us that it is in all of our interests to ensure that we proceed our discussions with respect to the Acquisition in a confidential manner, unless otherwise required by law, until we have executed the definitive agreements or terminated our discussions.

8. <u>No Binding Commitment</u>. This letter constitutes only a preliminary indication of our interest, and does not constitute any binding commitment with respect to the Acquisition. Such a commitment will result only from the execution of definitive agreements, and then will be on the terms provided in such documentation.

\* \* \* \* \*

2

In closing, we would like to express our commitment to working together with you to bring this Acquisition to a successful and timely conclusion. Should you have any questions regarding this proposal, please do not hesitate to contact us. We look forward to speaking with you.

Sincerely,

New Wave MMXV Limited

By:   /s/ Charles Chao

Name:    Charles Chao

Title:    Director

3