# EXHIBIT 9

IN THE GRAND COURT OF THE CAYMAN ISLANDS

FINANCIAL SERVICES DIVISION

CAUSE NO. FSD 128 OF 2021 (RPJ)

IN THE MATTER OF THE COMPANIES ACT (2021 REVISION)

AND IN THE MATTER OF SINA CORPORATION

## DRAFT GROUNDS OF APPEAL

1. These draft Grounds of Appeal are filed in support of an application by the shareholders listed in Schedule 1 (the "**Dissenters**") for permission to appeal against paragraph 2 of the Order dated 18 May 2022 (the "**Order**") and the judgment of The Hon. Justice Parker (the "**Judge**") dated 25 January 2022 (the "**Judgment**").

2. These draft Grounds of Appeal set out those grounds of appeal which the Dissenters anticipate submitting to the Court of Appeal if leave is given.

3. The Order gives directions for the determination of a petition presented by Sina Corporation (the "**Company**") under s. 238 of the Companies Act (2021 Revision) (the "**Act**"). Specifically, paragraph 2 provides that the relevant date by reference to which the fair value of the Dissenters' shares in the Company will be determined (the "**Valuation Date**") is 23 December 2020. This is the date on which the extraordinary general meeting approving the merger took place (the "**EGM Date**").

4. The Dissenters submit that the correct Valuation Date is the date on which the merger completed, namely 22 March 2021 (the "**Merger Completion Date**").

5. The governing principle under s. 238 is one of fairness. The correct approach to determine the Valuation Date in any given case under s. 238 is to:

    (1) identify the starting point for the Valuation Date based on what is <u>generally</u> fair, but

    (2) depart from it if the facts of the particular case demand a different Valuation Date in order to achieve fairness.

6. The starting point for the Valuation Date should be the date upon which the dissenting shareholders' shares are actually cancelled (in this case, the Merger Completion Date). On the facts of this case there were no good reasons for departing from that starting point.

7. For the reasons outlined below, the Judge adopted the wrong approach, misunderstood the statutory regime, took into account irrelevant considerations, and disregarded relevant considerations.

8. <u>Ground 1</u>: The Judge failed to adopt the correct approach to determining the Valuation Date. He did not identify a principled starting point for the Valuation Date, and he did not then consider whether there were any compelling reasons to depart from such a starting point.

9. <u>Ground 2</u>: The Judge wrongly held (in paragraphs 16 and 49 of his Judgment) that it was "*persuasive*" that the EGM Date had been adopted in a significant number of other cases under s. 238. That was an irrelevant consideration.

10. <u>Ground 3</u>: It was wrong in principle to select the EGM Date on the basis that that was the date on which non-dissenting shareholders voted to support the merger. That was an irrelevant consideration: section 238 is only concerned with the relationship between the Company and <u>dissenting</u> shareholders.

11. <u>Ground 4</u>:  The Judge held (in paragraphs 43 – 45 of the Judgment) that the EGM Date was the appropriate Valuation Date because he considered that the entitlement to be paid fair value arises upon giving a notice of objection under s. 238(2).  The Judge's analysis was wrong because it is inconsistent with the express provisions of the statutory regime.

12. <u>Ground 5</u>:  The Judge failed to take into account the fact that completion of the merger in this case was not guaranteed as at the EGM Date because there was a possibility that a condition precedent in the Merger Agreement would not be satisfied (or waived).

13. <u>Ground 6</u>:  The Judge was wrong to hold that selecting the EGM Date as the appropriate Valuation Date was justified by reference to the need for any valuation to disregard the effects of the merger on the fair value of the Dissenters' shares.